UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **GWENDOLYN DAVIS** ) | JURY TRIAL DEMANDED |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:15-CV-995NCC |
| v. ) | |
| ) | |
| **J&M SECURITIES, LLC** ) | |
| ) | |
| and ) | |
| ) | |
| **SANSONE LAW, LLC, doing business as** ) | |
| **SANSONE & LAUBER** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff filed this action against Defendant for violations of the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff has alleged that Defendants made collection attempts after being told that Plaintiff was retaining counsel. Plaintiff also claims the validation notice included on her St. Louis County Lawsuit was misleading, confusing and deceptive. For reasons stated herein, Defendants' Motion to Dismiss must be denied.

**STANDARD OF REVIEW**

A motion to dismiss for failure to state a claim should be denied unless, after "accept[ing] as true all of the factual allegations contained in the complaint," *Erickson v. Pardus,* 551 U.S. 89, 94 (2011), the plaintiff has failed to state a claim "that is plausible on its face." *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin. Corp.*, 690 F.3d 951,

1

955 (8th Cir. 2012).  To meet this standard, the plaintiff need not plead specific facts; instead, the complaint "need only give the defendant fair notice of what the...claim is and the grounds upon which it rests."  *L.L. Nelson Enterprises, Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 805 (8th Cir. 2012) (*citing* Erickson, 551 U.S. at 93).  In other words, in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court does not ask whether the plaintiff will ultimately prevail on his claim, but rather whether his complaint is "sufficient to cross the federal court's threshold," which is merely a "plausible 'short and plain'" statement of his claim.  *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (*citing Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

<strong>ARGUMENT</strong>

**A. PLAINTIFF HAS PROPERLY PLEADED ALL THE ELEMENTS OF HER FDCPA CLAIM**

Applying the above standard and taking Plaintiff's pleaded facts as true, Plaintiff has properly alleged that Defendants cannot make further collection attempts after Plaintiff has informed them of her intent to retain counsel.  Debt collectors, especially lawyers like Sansone, are not allowed to mislead or deceive consumers.  Defendants did both of those things here.  Second, in the St. Louis County lawsuit filed against Plaintiff, Defendants provided a 1692g notice to Plaintiff (hereinafter "Notice").  The Notice stated, in part:

> Unless you, the defendant, dispute the validity of the debt within 30 days of receipt of this notice, the debt will assume to be valid by the undersigned attorneys.  If you notify the undersigned attorney in writing within this 30 day period that the debt or any portion thereof is disputed, the undersigned will obtain verification of plaintiff's position and mail it to you.

2

This Notice is not required at all.  This is because a petition is not considered an "initial communication" for purposes of § 1692g(a).  *See* 15 USC § 1692g(d); *Vega v. McKay,* 351 F.3d 1334 (11th Cir. 2003). The Notice arises from a fundamental misunderstanding of the law on the part of the Defendant and their counsel, to wit: a pleading could never trigger a consumer's rights pursuant to § 1692g of the FDCPA.  Irrespective of the same, Defendants have chosen to incorporate its so-called Notice into each and every one of its collection lawsuits.  Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law.  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S. Ct. 1605 (U.S. April 21, 2010).  Several other cases have similarly held that such Notices support a claim for violation of the FDCPA.  See *Battle v. Gladstone Law Group,* 951 F. Supp. 2d 1310 at 1315; *Lewis v. Marinosci Law Grp.*, P.C., No. 13-61676-CIV, 2013 WL 5789183, at *4 (S.D. Fla. Oct. 29, 2013); *Samson v. Marinosci Law Grp., P.C.*, No. 13-61677-CIV, 2013 WL 5789216, at *4 (S.D. Fla. Oct. 29, 2013); *Carbonell v. Weinstein Pinson & Riley, P.S.,* 2014 WL 2581043 (S.D.Fla. May 30, 2014); *Desir v. Greenspoon Marder, P.A.,* No. 14-CV-61102, 2014 WL 2767230, at *1 (S.D. Fla. June 19, 2014); *Ortiz et al v. Weinstein, Pinson & Riley, P.S. et al,* Case No. 14–60311–WPD (S.D.Fla. May 30, 2014); *Ewin et al v. Weinstein, Pinson & Riley, P.S. et al,* Case No. 14–60311–WPD (S.D.Fla. May 30, 2014); *Paul et al v. Weinstein, Pinson & Riley, P.S. et al,* Case No. 14–80119–WPD (S.D.Fla. May 30, 2014).  *Walker v. Greenspoon Marder, P.A.,* No. 13-CV-14487, 2015 WL 233472 (S.D. Fla. Jan. 5, 2015); *Walker v. Greenspoon Marder, P.A.*, No. 13-CV-14487, 2014 WL 7174220 (S.D. Fla. Dec. 17, 2014).  Defendants' Notice deceives consumers as to

when and how their rights are triggered.  It is a false statement and actionable under *Bourff v. Rubin Lublin, LLC,* 674 F.3d 1238, 1241 (11th Cir. 2012) ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed."); *see also, Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1059 (7th Cir. 1999) (stating a contention that a communication from a debt collector is confusing is a recognized legal claim; no more is need to survive a motion under Rule 12(b)(6)).  The unnecessary Notice, which goes on to explain a consumer's rights to dispute and seek validation of an alleged debt even though those rights have not been triggered, could serve no other possible purpose but to deceive the least sophisticated consumer with respect to their rights under the FDCPA and/or how or when to dispute the debt.  This is the basis of one of Plaintiff's FDCPA claims.

A trier of fact could find in favor of Plaintiff.  The trier of fact could find in favor of the Defendant.  A Motion to Dismiss is inappropriate when properly pleaded claims have been made.  Therefore, the Court should deny Defendant's Motion to Dismiss.

## CONCLUSION

The Plaintiff respectfully requests this Court to deny Defendant's Motion to Dismiss and for all other relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED:**

　　/s/ James W. Eason

**JAMES W.EASON#57112MO**
**The Eason Law Firm, LLC**
**124 Gay Ave., Suite 200**

4

            **Clayton, Missouri 63105**
            **Phone: (314) 932-1066**
            **Fax: (314) 667-3161**
            **Email: james.w.eason@gmail.com**

## **CERTIFICATE OF SERVICE**

   The undersigned attests that, on October 5, 2015, the foregoing document was served via operation of the Court's electronic filing system on the following counsel of record:

Matthew Aplington: maplington@lowenbaumlaw.com

Julia Hodges: jhodges@lowenbaumlaw.com

Benjamin Sansone: ben@sansonelaw.com


            /s/ James W. Eason_____