UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GWENDOLYN DAVIS, | ) |
| Plaintiff, | ) ) ) No. 4:15-CV-995 RLW |
| v. | ) ) |
| J&M SECURITIES, LLC, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' Motion to Dismiss Plaintiff's §1692c(a)(2), §1692d, § 1692f and § 1692g Claims (ECF No. 13).[1] This matter is fully briefed and ready for disposition.

## BACKGROUND[2]

Plaintiff Gwendolyn Davis ("Davis") brought this action for statutory and actual damages under the Fair Debt Collections Practices Act, 15 U.S.C. §§1692, *et seq*. ("FDCPA"). Defendants J&M Securities, LLC and Sansone Law, LLC (collectively, "Defendants") are debt collectors who work for various property management companies. (First Amended Complaint ("FAC"), ECF No. 5, ¶¶7, 8, 13). On February 5, 2015, Defendant filed a breach of contract action against Davis in the Circuit Court for St. Louis County, Associate Division, *J&M*

---

[1] Notably, Defendants did not move to dismiss Davis' claims under 15 U.S.C. §1692e(10) and 1692f(1). (ECF No. 14 at 2, n.1). Accordingly, those claims remain pending. Although Defendants move to dismiss Davis' §1692f claim, no such claim was included in the First Amended Complaint and, therefore, Defendants' argument regarding such a claim will not be discussed.

[2] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*Securities, LLC, assignee of Taterville, LLC v. Gwendolyn Davis*, case number 15 SL-AC04583 (the "St. Louis County lawsuit"). (FAC, ¶14). Davis appeared in court on June 24, 2015 and notified counsel for Defendant J&M that she would be hiring an attorney to represent her in the St. Louis County lawsuit. (FAC, ¶¶16-17). David maintains that even though she had informed Defendant J&M's counsel that she was seeking legal representation, Defendants continued to attempt to collect the debt. (FAC, ¶18).

In the St. Louis County lawsuit, Defendants provided a §1692g notice (hereinafter "Notice") to Plaintiff that stated, in part:

> Unless you, the defendant, dispute the validity of the debt within 30 days of receipt of this notice, the debt will assume [sic] to be valid by the undersigned attorneys. If you notify the undersigned attorney in writing within this 30 day period that the debt or any portion thereof is disputed, the undersigned will obtain verification of plaintiff's position and mail it to you.

(FAC, ¶24).

## **STANDARD OF REVIEW**

In ruling on a motion to dismiss or a motion for judgment on the pleadings, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### A. 15 U.S.C. §1692d-f

Davis purports to bring a claim under 15 U.S.C. §1692d-f for engaging in false, deceptive, harassing, and unfair conduct in the collection of a debt. (FAC, ¶40(b)).

"Impermissible practices include harassing, oppressive or abusive conduct; false, deceptive or misleading representations; and unfair or unconscionable collection methods." *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (citing 15 U.S.C.A. § 1692d-f). "To determine whether a debt collector's calls amount to harassment, annoyance or abuse, the volume of calls must be examined along with the pattern in which they were made and whether or not they were accompanied by oppressive conduct." *Moore v. CCB Credit Servs., Inc.*, No. 4:11CV2132 RWS, 2013 WL 211048, at *3 (E.D. Mo. Jan. 18, 2013) (citing *Udell v. Kansas Counselors, Inc.*, 313 F.Supp.2d 1135, 1143–44 (D. Kan. 2004)).

Davis does not address this claim at all in her response. Davis' Complaint merely recites the statutory citation, without providing any facts to support her claim that Defendants violated 15 U.S.C. §1692d-f. Davis alleges no actions on the part of Defendants that were harassing, oppressive or abusive. Accordingly, the Court holds that Davis fails to state a claim as a matter of law and dismisses Davis' 15 U.S.C. §1692d-f claim.

### B. 15 U.S.C. §1692(g)

Davis purports to bring a claim under 15 U.S.C. §1692(g) for overshadowing Davis' dispute rights based upon Defendants' inclusion of the Notice in the Petition filed in the St. Louis County lawsuit. (FAC, ¶40(d)). "Section 1692g(a) requires a debt collector to send, within five days of the initial communication with a consumer, a validation notice informing the consumer of, *inter alia,* his right to dispute the debt, and to request verification of the debt and/or the name and address of the original creditor, within 30 days of receipt of the validation notice." *Ray v. Resurgent Capital Servs., L.P.*, No. 4:15CV272 JCH, 2015 WL 3453467, at *3 (E.D. Mo. May 29, 2015). "Overshadowing or inconsistency occurs when a debt-collection letter conveys information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Founie v. Midland Credit Mgmt., Inc.*, No. 4:14CV816 RWS, 2014 WL 6607197, at *3 (E.D. Mo. Nov. 19, 2014) (citing *Owens v. Hellmuth & Johnson, PLLC,* 550 F.Supp.2d 1060, 1064 (D. Minn. 2008)).

In her First Amended Complaint, Davis alleges that overshadowing occurred because Defendants included a §1692g Notice in the Petition. Davis notes that the "Notice is not required" because a petition is not considered an "initial communication" for purposes of §1692g of the FDCPA. (FAC, ¶25). Davis cites to a litany of cases out of the Southern District of Florida to support her claim that inclusion of the Notice in a petition constitutes a violation of the FDCPA. (FAC, ¶28; ECF No. 25 at 3). For example, one case from the Southern District of Florida states:

> An FDCPA notice incorporated into a mortgage foreclosure summons and complaint does not necessarily effectively convey notice of the rights to the "least sophisticated consumer." The "least sophisticated consumer" could be deceived or confused when the summons sets out a 20–day deadline to respond to the lawsuit and the attached notice provides for a 30–day deadline to request validation of the debt. *In re Martinez,* 266 B.R. 523 (S.D.Fla.2001). The fact that Defendants "used

an approved form summons did not affect the court's determination that summons, coupled with validation notice, was confusing." *Id.* at 523. This Court finds that Plaintiff has sufficiently pled that Defendants engaged in an act or omission prohibited by the FDCPA.

*Battle v. Gladstone Law Grp., P.A.*, 951 F. Supp. 2d 1310, 1315 (S.D. Fla. 2013). Davis maintains that Defendants included in the St. Louis County Petition an "unnecessary Notice, which goes on to explain a consumer's rights to dispute and seek validation of an alleged debt even though those rights could not have been triggered, could serve no other possible purpose but to deceive the least sophisticated consumer with respect to their rights under the FDCPA and/or how or when to dispute the debt." (ECF No. 25 at 4).

In response, Defendants maintain that Davis cannot state a claim under §1692g because it is undisputed that the St. Louis County Petition did not constitute an "initial communication" under the FDCPA and, therefore, could not trigger any dispute rights. (ECF No. 28 at 4-5 (citing 15 U.S.C. §1692g(d) (formal pleading in a civil action "shall not be treated as an initial communication").

At this stage of the litigation and based upon the limited law on this topic, the Court declines to find as a matter of law that the inclusion of the §1692g Notice in the St. Louis County Petition was not a violation of the FDCPA. None of the case law cited by Defendants is directly on point. On the other hand, Davis has provided persuasive, although not binding, case law to support a FDCPA violation under these circumstances. The Court, therefore, denies, the Motion to Dismiss the §1692g, without prejudice.

### C. 15 U.S.C. §1692c(a)(2)

Davis purports to bring a claim under 15 U.S.C. §1692c(a)(2) for communicating with a consumer whom Defendants know to be represented by counsel. (FAC, ¶40(e)). Section 1692c(a)(2) forbids a debt collector from communicating directly with a consumer if "the debt

collector *knows* the consumer is represented by an attorney with respect to such debt ...." 15 U.S.C. § 1692c(a)(2)(emphasis added); *Backlund v. Messerli & Kramer, P.A.*, 964 F. Supp. 2d 1010, 1016, n. 6 (D. Minn. 2013) ("§1692c(a)(2) addresses when a debt collector may communicate with a consumer who is represented by an attorney").

Defendants contend that Davis fails to state a claim under §1692c(a)(2) because her First Amended Complaint does not allege that Davis actually was represented by an attorney, rather that Davis was seeking representation. (ECF No. 14 at 4). In fact, Defendants note that Davis never obtained counsel in the St. Louis County Lawsuit. (ECF No. 14-1). As a result, Defendants claim that it was "impossible" for Defendants to have actual knowledge that she was represented by counsel in the St. Louis County lawsuit.

Davis provides no support for her position that communicating with a debtor who was seeking, but had not obtained, counsel triggers the protections of §1692c(a)(2). Davis' claim is particularly dubious given that counsel never entered on her behalf in the St. Louis County lawsuit. The Court will not read such a requirement into the FDCPA where none exists. The Court grants Defendants' Motion to Dismiss Davis' §1692c(a)(2) claim because she did not have counsel in the St. Louis County lawsuit, which is a predicate for such a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's §1692c(a)(2), §1692d, §1692f and §1692g Claims (ECF No. 13) is **GRANTED**, in part. Plaintiff's §1692c(a)(2) and §1692d claims are **DISMISSED**. Plaintiff's claims under 15 U.S.C. §1692e(10), §1692f(1), §1692g remain pending.

Dated this 22nd day of January, 2016.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**